[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Tiffany Ann Devine, appeals the judgment of the Hamilton County Juvenile Court committing her to the Department of Youth Services ("DYS"). In 1998, Devine admitted to a charge of delinquency based upon burglary in violation of R.C. 2911.12, a felony of the second degree had she been charged as an adult. The juvenile court ordered that she be committed to DYS, but suspended the commitment.
Devine later absconded from her court-ordered placement at a juvenile rehabilitation facility. In October 2000, a hearing was conducted before the juvenile court, following which the court ordered that the previously suspended commitment to DYS be imposed.
Pursuant to Anders v. California,[1] Devine's appointed counsel has advised this court that, after reviewing the record, he can find no arguable assignments of error to present on appeal. He has also indicated that he has advised Devine by mail of this fact and that Devine has not communicated to him any appealable issue. He now requests this court to independently review the record to determine whether the proceedings before the juvenile court were free from prejudicial error.
After reviewing the entire record, we are satisfied that counsel has provided Devine with a diligent and thorough search of the record and that he has correctly concluded that the proceedings below were free from prejudicial error.[2] We find no grounds to support a meritorious appeal and conclude, therefore, that the appeal is frivolous. Accordingly, we affirm the judgment of the juvenile court.
Although we hold that the appeal is frivolous and without reasonable cause under App.R. 23 and R.C. 2505.35, we refrain from taxing costs and expenses against Devine because it is clear from the record that she is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396. See, also, In re Henderson
(June 19, 1998), Hamilton App. No. C-970493, unreported.
[2] See In re Booker (Feb. 23, 2000), Hamilton App. No. C-980214, unreported (no due-process violation in the imposition of a previously suspended commitment to DYS).